IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AUGUSTINE OGBUNUGWU,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.** 4:23-cv-03934 |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **AUTO CLUB COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY d/b/a AAA** | § | |
| **AND UBER TECHNOLOGIES, INC.** | § | |
| **d/b/a UBER,** | § | |
| | § | |
| *Defendant.* | § | |

## AGREED MOTION TO STAY AND COMPEL ARBITRATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **PLAINTIFF AUGUSTINE OGBUNUGWU** and **DEFENDANT UBER TECHNOLOGIES, INC., (incorrectly named as DEFENDANT UBER TECHNOLOGIES, INC. D/B/A UBER) (hereafter "Uber")** and file this Agreed Motion to Stay and Compel Arbitration, and in support thereof respectfully shows the Court the following:

### I.
### SUMMARY OF MOTION

1.    Plaintiff Augustine Ogbunugwu ("Plaintiff") has entered into a binding and enforceable agreement to arbitrate his disputes against Uber, including the

disputes submitted to this court. The agreement to arbitrate is enforceable under federal and state law. Moreover, the public policy of the state of Texas strongly favors out-of-court resolution of disputes through arbitration. Accordingly, this Court should stay this matter in favor of a final and binding arbitration of the parties' disputes and retain jurisdiction to enforce any arbitration award.

## II.
### RELEVANT PROCEDURAL BACKGROUND

2.      In order to gain access to the driver version of the Uber App ("Driver App"), Plaintiff, Ogbunugwu, Plaintiff Ogbunugwu agreed and accepted the terms of the Platform Access Agreement ("PAA"). The PAA contains an Arbitration Provisions which states in relevant part the following:

### 13. Arbitration Provision

**IMPORTANT:     PLEASE     REVIEW     THIS ARBITRATION  PROVISION  CAREFULLY,  AS  IT WILL  REQUIRE  YOU  TO  RESOLVE  DISPUTES WITH  US  ON  AN  INDIVIDUAL  BASIS  THROUGH FINAL AND BINDING ARBITRATION …**

. . . Except as it otherwise provides, this Arbitration Provision applies to any legal dispute, past, present or future, arising out of or related to your relationship with us or relationship with any of our agents, employees, executives, officers, investors, shareholders, affiliates, successors, assigns, subsidiaries or parent companies (each of which may enforce this Arbitration Provision as third party beneficiaries), and termination of that relationship, and survives after the relationship terminates.

(b) This Arbitration Provision applies to all claims whether brought by you or us, except as provided below. This Arbitration Provision requires all such claims to be resolved only by an arbitrator through final and binding

> individual arbitration and not by way of court or jury trial. Except as provided below regarding Class Action Waiver and Representative Action Waiver, such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the formation, scope, enforceability, waiver, applicability, revocability or validity of this Arbitration Provision or any portion of this Arbitration Provision.

(emphasis original)

3.    Plaintiff Ogbunugwu most recently accepted these terms on May 7, 2020.

4.    Plaintiff Ogbunugwu, filed the present civil suit against Auto Club Services, LLC d/b/a Auto Club Insurance Agency, LLC (improperly sued as "Auto Club County Mutual Insurance Company d/b/a AAA") and Defendant Uber Technologies, Inc. (incorrectly named as Uber Technologies, Inc., d/b/a Uber) ("Uber") in the District Court of Harris County, Texas (the "State Court Action"), on April 5, 2023.  Plaintiff served Uber with the Original Petition (the "Petition") on September 15, 2023. On or about January 19, 2020, Plaintiff claims he was injured while in the course and scope of his employment.

5.    Defendant timely removed this case from State Court to this Court on October 16, 2023. **On November 6, 2023, Plaintiff Ogbunugwu agreed, in writing, to stay his claims against Uber proceed to final, binding arbitration.**

### III.
#### ARGUMENTS AND AUTHORITIES

A.    <u>The Federal Arbitration Act Requires Enforcement of the Arbitration Agreement and that This Litigation Be Stayed.</u>

6.      It is the policy of the State of Texas, and of the United States, to favor agreements to resolve disputes by arbitration, rather than through protracted and expensive litigation.[1] The Federal Arbitration Act (the "FAA") preempts state law to the extent that state law is inconsistent with the FAA.[2] The primary purpose of the FAA is to require courts to compel arbitration, notwithstanding any state legislative attempts to limit enforcement of agreements to arbitrate.[3] Thus, if the parties have agreed to arbitrate and the issues raised fall within the arbitration agreement, a court ***must*** compel arbitration.[4] Additionally, Section 3 of the FAA provides for a mandatory stay of litigation upon any issue referable to arbitration.[5]

7.      Furthermore, Plaintiff's claims must be arbitrated under the Texas Arbitration Act, which provides that written agreements to arbitrate are valid and enforceable.[6] Under the Texas Arbitration Act, as under the FAA, this Court must determine (1) whether there is an enforceable agreement to arbitrate and (2) whether the agreement encompasses the claims asserted.[7] In recognizing this strong public policy, the Texas Supreme Court has stated "courts must resolve any doubts about an agreement to arbitrate in favor of arbitration."[8]

## B.    There Is a Written Agreement to Arbitrate.

8.      At the time of the incident that forms the basis of this lawsuit, a valid

---

[1] *Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex. 1996).
[2] *In re D. Wilson Const. Co.,* 196 S.W.3d 774, 780 (Tex. 2006).
[3] *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271 (Tex. 1992).
[4] *Cantella,* 924 S.W.2d at 944.
[5] *See id.*
[6] Tex. Civ. Prac. & Rem. Code § 171.001(a).
[7] *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 520 (Tex. App.—Austin 1998, no pet.).
[8] *Cantella & Co.*, 924 S.W.2d at 944; *see also Dyer*, 969 S.W.2d at 521 ("Texas courts indulge every reasonable presumption in favor of arbitration.")

agreement to arbitrate existed between Plaintiff and Uber Technologies, Inc.  As set forth above, Plaintiff agreed to the terms of the PAA on May 7, 2020.

9. Therefore, a valid and binding agreement to arbitrate existed between Plaintiff and Uber Technologies, Inc. The parties do not dispute this.

### C.    Plaintiff's Claims Fall Within the Scope of the Agreement.

10. Plaintiff also does not dispute that his claims fall within the scope of the Arbitration Provision as his claims arise from physical injuries he allegedly sustained while utilizing the driver version of the Uber App.  The PAA requires that any claims covered by the PAA be submitted to final and binding arbitration. Pursuant to the Arbitration Agreement provisions of the PAA, it applies to "disputes between you and us, or between you and any other entity or individual, arising out of or related to your application for and use of an account to use our Platform and Driver App as a driver…" *Supra.* Therefore, Plaintiff's claims are governed by the Arbitration Provision of the PAA because the type of injuries he allegedly sustained in the incident made the basis of this lawsuit are specifically included in the plain language of the PAA.

### IV.
### CONCLUSION

11. Under the Federal Arbitration Act and the Texas Arbitration Act, the Arbitration Agreement provision of the Platform Access Agreement constitutes an enforceable arbitration agreement between Plaintiff and Uber Technologies Inc. Furthermore, the claims asserted in the Petition are related to the Plaintiff's use of the driver version of the Uber App are therefore covered by the dispute resolution

provisions of the PAA. Accordingly, the parties jointly request that this Court enforce their agreement to arbitrate their disputes.

12.     Additionally, the parties request that the Court stay further proceedings with regards to these two parties, including but not limited to any outstanding written discovery requests served by the Plaintiff to the Defendant, until the arbitration process has been concluded and an award has been entered by the arbitrator(s).

## V.
## PRAYER FOR RELIEF

13.     Plaintiff OGBUNUGWU and Defendant, UBER TECHNOLOGIES, INC. respectfully requests that upon final hearing of this Motion to Stay and Compel Arbitration that this Court enter an Order:

(a) Staying this litigation between Plaintiff Ogbunugwu and Defendant Uber Technologies Inc., including any pending written discovery deadlines and compelling Plaintiff, Augustine Ogbunugwu to arbitrate the matters set forth in his Petition before the American Arbitration Association;

(b) Retaining jurisdiction to enforce any arbitration award entered in that proceeding; and

(c) such other and further relief both general and special, at law and in equity to which the parties may be justly entitled.

Respectfully submitted,

**MAYER LLP**

750 North St. Paul, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

By: /s/ Zach T. Mayer

Zach T. Mayer
State Bar No. 24013118
E-mail: zmayer@mayerllp.com

**ATTORNEYS FOR DEFENDANT UBER TECHNOLOGIES, INC.**

## CERTIFICATE OF CONFERENCE

On November 10, 2023, my office communicated with Marshall Bridges of Bridges and Durham Law Firm, counsel for Plaintiff, regarding the substance of this Motion, the relief being requested herein, and inquiring whether he was in agreement. Mr. Bridges agreed to file this joint Motion and to the contents.

*/s/Zach T. Mayer*
Zach T. Mayer

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of December 2023, a true and correct copy of the foregoing has been forwarded to all counsel of record a s follows:

| | |
|---|---|
| **BRIDGES AND DURHAM LAW, PLLC**<br>Marshall Bridges<br>345 Main St. Lewisville, TX 75057<br>mbridges@mybdlaw.com | ☐E-MAIL/E-SERVICE<br>☒ECM<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

/s/ *Zach T. Mayer*
Zach T. Mayer